UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES P. PICKETT          No
         Judge

     V

         Jury Demanded

BILL JOHNSON
PRESIDENT AND CEO,
TENNESSEE VALLEY AUTHORITY

and

THE TENNESSEE VALLEY AUTHORITY
BOARD OF DIRECTORS, for the
TENNESSEE VALLEY AUTHORITY,
and all its successors in interest

**COMPLAINT**

Comes Plaintiff, James P. Pickett, by and through Counsel, and for his Complaint against Defendant, here states as follows;

## I. NATURE OF THE CLAIMS

1. This is an action for unlawful Discrimination and Retaliation against him under Title VII of the Civil Rights Act of 1964 as amended ( 42 USC 2000e et seq.).

## II.     JURISDICTION AND VENUE

2.     Jurisdiction in this Court is under the provisions of 28 USC 1131 for Federal Questions arising under the Constitution, Laws or Treaties of the United States and under 28 USC Authority.   Venue is proper within this district pursuant to 28 USC 1391 (b)(1), (e)(1) and 1402, as a substantial number of the unlawful actions and practices giving rise to this Complaint 0ccurred in the Eastern District of Tennessee.

     Tennessee Valley Authority's principal office is located at 400 West Summit Hill Drive, Knoxville, Tennessee 37902-1499. The job Plaintiff worked and sought was with the Tennessee Valley Authority (hereinafter " TVA") at the Sequoyah Nuclear Plant located outside of Chattanooga, Tennessee.

## III.     PARTIES

3.     Plaintiff James Pickett is at all times relevant a citizen and resident of Hixson, in Hamilton County, Tennessee.  Defendant Tennessee Valley Authority Board of Directors and Bill Johnson, President and CEO of the Tennessee Valley Authority are sued in their official capacity as the President and CEO and Board of Directors of the Tennessee Valley Authority, an agency of the Federal Government.  On information and Belief, TVA employs more than fifteen (15) natural persons unrelated to the principal owners and is subject to the Civil Rights Act of 1964 as amended (42 USC 2000e et seq,).

# IV. FACTS

## I. EEOC Number 0120114331

Plaintiff is an African American male who has worked with TVA since 1972 and was in the position of Permanent Plant Services Labor Foreman at the TVA Sequoyah Nuclear Plant.

On May 25, 2010, he applied on a vacant job announcement for he position of Supervisor of Nuclear Plant Services. The minimum qualifications for the position is a BS degree or equivalent education training or work experience. The position also allowed for at least eight years experience in Plant Services or Radiation Protection and related duties.

Plaintiff had then held the job of Permanent Plant Services Labor Foreman for about 15 years and the Plant Service Shop was under Radiation Protection management for the entire time. Over 75% of Plaintiff's total employment time with TVA has been in the Nuclear field. The Plant Services Labor Foreman position allows him to supervise the daily activities of the shop personnel and allows me to act as Night Shift General Foreman during nuclear Refueling Outages and operations which he had done for over ten years. In that task, he supervises a crew of foremen completing work different from the normal non-outage work, including construction and de-contamination operations and acting General Foreman during Refueling Outages. He had served as acting Plant Services Supervisor and as supervisor over the Plant Services staff when Donna Stevens, the Radwaste/Plant Services Superintendent (previously the Plant Services Supervisor) is on vacation or leave from work for a day or longer. He has, from practical

experience in the actual job as well as work experience, the qualifications necessary to successfully perform the position for which he applied.

Plaintiff was required, as part of the application process, to complete a Supervisor Assessment test. The test is not part of the posted job requirements and was discussed in the TVA Supervisor Academy as an assessment evaluation for evaluation of necessary improvements in supervision. Not only was the test not required by the job description, other non African Americans were promoted into supervisory positions after failing the test. It is up to management to determine if you would be interviewed for the position an promoted in spite of "failing " the assessment.

In October, 2010, Ms. Stephens denied Plaintiff an interview for the position and announced the hiring of a white male with no Nuclear experience for the position, stating that he was "very intelligent".

Plaintiff had applied on several supervisory positions within TVA in the past and had been not promoted. He had filed EEOC complaints based on the non-promotion in the past, and this was known to the management at the time of his non-selection here. By choosing to use the test in a discriminatory manner, the Management was able to deny Plaintiff and interview and a chance at the promotion. Plaintiff was not able to be promoted to the job where he had been successfully completing the work for years prior to his application for promotion.

Plaintiff also states, on information and belief, that there have been no African Americans

promoted to high management in the Nuclear program since he was employed in 1972.

Plaintiff timely filed his EEOC Complaint on this case and received his Right to Sue Letter on June 27, 2013.

## II.  EEOC Number 490-2013-00189X

As often happens, Plaintiff was then required to work for and be supervised by the Employee hired in his stead during the course of the pending EEOC investigation of the actions above. Plaintiff educated his new boss as to his duties and also filled in as he had done before in the positions where he had been decided not to be intelligent enough to handle the position full time with the increased salary.

In spite of the pending EEOC complaint, Plaintiff did his work as requested. He began to be "picked at" for matters that were not done the way his supervisor wanted but were done within the TVA rules and past years of successful compliance. This behavior on the part of management continued.

On May 14, 2012, Plaintiff was given a reprimand when laborers under his direction failed to complete an assignment. They were re-assigned and then assigned by Plaintiff to their original assignment. They did not log the fire watch watches, even though they had been instructed to perform the job. Plaintiff instead was reprimanded because the workers claimed that the order was unclear.

On September 27, Plaintiff was accused of violating a provision of a regulation regarding the checking out of a vacuum cleaner to a craft personnel. He talked with his boss, who then improperly took his assess rights and suspended him. At no time was there any hearing as to whether it was inappropriate, whether the alleged regulations applied to the situation or the individuals involved or if the "violation" warranted any suspension or the discharge of an over 30 year employee. Plaintiff was discharged by letter of October 17, 2012, conveniently still in the process of his other pending EEOC Complaint over his non-promotion. He was never given any opportunity to dispute the firing or the incident; he was advised to take an early retirement and "forget about the EEOC".

Plaintiff filed another EEOC Complaint on these actions on January 14, 2013. His Complaint claimed that these actions by TVA Management and the his illegal discharge constituted Illegal discrimination based on his race and in Retribution or Reprisal for the past and pending EEOC complaints alleging discrimination. He received TVA's letter claiming their investigation was complete and on July 31 he completed and filed his request for a hearing before the EEOC. The hearing has nor yet been scheduled.

Both these claims are presented to this Court in that they are both so intertwined and interrelated in both claims and occurrences that any proceeding on only one of these claims would cause great judicial inefficiency in that the trial of either of these claims would result in information and materials from the other. Efficiency and Justice to Plaintiff requires that both claims be presented to the Court at the same time in this lawsuit/Complaint.

## V. CAUSES OF ACTION

Plaintiff alleges that he is entitled to relief under the provisions of the Civil Rights Act of 1964 ( Title VII, 42 USC 2000e et seq) against the Tennessee Valley Authority (TVA) for their illegal discrimination against him because of race and illegal retaliation against him based on his actions in filing discrimination complaints against TVA. The discrimination and retaliation resulted in Plaintiff's non-promotion and discharge from his years of employment by TVA.

## VI. DAMAGES

Plaintiff now requests that this Court find TVA guilty of illegal discrimination against him because of his race and of having taken illegal retaliatory actions against him for having sought proper legal relief from their actions. He requests:

1. Full reinstatement in his employment with all back pay, benefits, increments and financial adjustments to which he is entitled plus promotion to the position for which he was excluded or, in the alternative, income and damages while he is employed in his past position at the increased salary and all benefit rate as if he had been properly promoted. In the alternative, award Plaintiff front pay at the promoted position rate.

2. Compensatory damages for pain, suffering and emotional distress to be determined by a jury;

3. Reasonable attorney fees, the costs of this cause, litigation expenses and discretionary costs.

4. Punitive damages and pre-judgment interest to the extent allowed by law;

5. Such further relief as the Court sees just, necessary and proper

And he further DEMANDS A JURY to try the issues when joined.

*/s/ Charles P. Dupree*
Charles P. Dupree
Tenn. Bar No. 2177
Attorney for Plaintiff
11000 Market Street
Chattanooga, Tn  37402
(423) 756-1841